CASE 64—PETITION EQUITY—NOVEMBER 20.

## Johnson & Co., &c., v. Connecticut Fire Ins. Co., &c.

## Lancashire Fire Ins. Co., &c., v. Johnson & Co., &c.

APPEALS FROM DAVIESS CIRCUIT COURT.

1. To ESTABLISH AN EXECUTORY CONTRACT OF INSURANCE, it must appear that an agreement to insure was in fact entered into, and that nothing essential to a complete agreement was left open for future determination; and the burden is on the party attempting to establish such a contract to establish it by a preponderance of the evidence.

In this case the insured, who had insurance in several companies, some of which had expired, told the agent representing these companies that he wanted insurance to a certain amount, and that if the insurance remaining in force did not amount to that much, he wanted the difference made up in renewals or new policies. By a mistake of the agent, or of both the agent and the insured, as to the policies still in force, the insured obtained only one-half the insurance he desired. *Held*—That there was no contract for the renewal of the policies,

Johnson & Co., &c., v. Connecticut Fire Ins. Co., &c.

which were not in fact renewed, and that the companies in which the additional insurance would have been taken but for the mistake are not liable, either by contract or estoppel.

2. PLAINTIFF HAVING FAILED TO FILE A REPLY, should be allowed to do so upon the return of the case.

WEIR, WEIR & WALKER FOR APPELLANTS, LANCASHIRE FIRE IN-SURANCE CO.

1. The petition, as amended, presented no cause of action against the Springfield Insurance Company. The amended petition refers to the Springfield *Fire* Insurance Company, while the caption of the original petition has Springfield Insurance Company. (Kelly v. Owensboro Savings Bank, MS. Op., Nov. 2, 1875.)

2. It was error to render judgment against the Springfield Insurance Company, as its answer presented a defense, and there was no reply. Nor was it even given an opportunity to sustain its defense by evidence, as the cause was prematurely heard.

3. Appellees had insurance for a specific sum in each company, and had a separate cause of action against each, and the bringing an action against all was improperly joining more than one cause of action. The motion requiring plaintiffs to elect should, therefore, have been sustained. (Civil Code, sec. 85.)

4. The defendant had a right to demand that the action be transferred to the ordinary docket, and the issues of fact submitted to a jury. (Civil Code, sec. 12.)

5. The answer of the Springfield Insurance Company, alleging that the assured knowingly and intentionally swore falsely in reference to material matters, specifying them, with the purpose of obtaining a much larger sum than the actual loss, presented a complete defense, which is sustained by the proof. (Wood on Fire Insurance, section 429, and authorities cited; Insurance Companies v. Waide, 14 Wall., 375; Security Ins. Co. v. Bronger, 6 Bush, 246; Boutelle v. Westchester Fire Ins. Co., 51 Vt., 4; 31 Am. Rep., 668; Protection Ins. Co. v. Hall & Gideon, 15 B. M., 429.)

Upon this point counsel cite, in a petition for a modification of the opinion, Claflin. &c., v. Commonwealth Ins. Co., 110 U. S.

6. This defense of the Springfield Insurance Company enured to the benefit of its co-defendants, the Lancashire and Phoenix Insurance Companies, as it showed that the plaintiffs had no right of action against them. (Rouse v. Howard, 1 Duv., 81; Newman on Pleading, 555.)

7. W. S. Johnson & Co. never made the required proof of loss, and a compliance with the policies in this respect has not been waived, as the defects in the proof of loss were specifically pointed out by the insurers. (Wood on Fire Insurance, sec. 417; Phoenix Ins. Co. v. Ste-

venson, 78 Ky., 156-160; Northwestern Ins. Co. v. Atkins, 3 Bush, 333; Manhattan Ins. Co. v. Stein, 5 Bush, 656 )

Upon this point counsel cite, in petition for rehearing, May on Insurance, sec. 460; Wood on Fire Insurance, p. 708, note 1; Lycoming, &c., Ins. Co. v. Updegraff, 40 Pa. St. Rep.; Citizens' Ins. Co. v. Doll, 35 Md., 89; 6 Am. Rep., 364; Edwards v. Balt. Fire Ins. Co., 3 Gill, 176.

8. As this action was in equity, the court will review both the law and the facts. (Pettit v. Matthews, MS. Op., Superior Court, Oct. 6, 1882.)

9. Regarding this as purely a legal action, brought and prosecuted in equity, without objection, this court will give to the judgment of the chancellor, upon the facts, the same weight it would give to a verdict of a properly instructed jury, and hence will reverse such a judgment when it is palpably against the evidence, or manifestly not supported by it. (Fraley v. Peters, 12 Bush, 471; Pittsburg, Cincinnati & St. Louis R. R. Co. v. Woolley, 12 Bush, 453.)

10. The court's expression of opinion, after argument and submission, that appellees were entitled to judgment against the Lancashire and Phoenix Insurance Companies only, and that no cause of action was stated against the Springfield Insurance Company, was the equivalent of the general verdict of a jury, and the parties were entitled to judgment pursuant thereto. (Hill v. Small & Bro., MS. Op., Superior Court, Nov. 13, 1885.)

11. The proof shows that the value of the insured tobacco burned did not exceed $3,000.

Same counsel for appellees, Connecticut Fire Ins. Co., &c.

1. In order to constitute a valid parol agreement to insure, the minds of the parties must meet as to the company in which the risk is to be placed, as to the premises to be insured, the time the risk is to commence and continue, and the premium; and a parol contract of insurance, indefinite and uncertain in any of these terms, is incapable of enforcement. (Wood on Fire Insurance, sec. 5, page 15; sec. 6, page 18; sec. 8, page 25; sec. 13, page 36; sec. 15, page 38; Commercial Mutual Marine Ins. Co. v. Union Mutual Ins. Co., 19 How., 320; Strohn v. Hartford Fire Ins. Co., 37 Wis., 625, 19 Am. Rep., 777.)

2. The evidence in this case shows that all of these essentials to a valid parol contract of insurance were wanting in this case.

3. A petition which gives merely the pleader's construction of the terms of the contract sued on is not good. (King v. McLean, 1 J. J. Mar., 37; Lee v. Waller, 3 Met., 65.)

4. Before the courts should hold insurers bound by alleged parol contracts of insurance, a specific and complete agreement ought to be established by a clear preponderance of the evidence. (Continental Ins. Co. v.

Johnson & Co., &c., v. Connecticut Fire Ins. Co., &c.

Jenkins, 5 Ins. Law Journal, 514; Weeks v. Lycoming Fire Ins. Co., Sloan's Legal and Financial Register, October, 1878.)

5. In this case the preponderance of the evidence, if not the entire evidence, shows that the alleged parol agreement was never made. (Sargent v. National Fire Ins. Co., Ins. Law Journal, vol. 10, No. 2.)

GEO. W. JOLLY ꜰᴏʀ W. S. ᴊᴏʜɴsᴏɴ & ᴄᴏ.

1. Where representations are such, and are made under such circumstances that all persons interested in the subject have the right to rely on them as true, their truth can not be denied by the party who has made them as against one who has acted upon them. (Gale v. Linds, 1 Verm., 475; Farmer v. Webber, 13 Viner's Abr., 525; Horn v. Cole, 51 N. H., 292; Detzell v. Odell, 3 Hill, 221; Newman v. Hook, 37 Miss., 207; Strong v. Ellworth, 26 Vt., 366; Mitchell v. Reed, 9 Cal., 204; Quirk v. Thomas, 6 Mich., 76; Insurance Co. v. Wilkinson, 13 Wall., 233; Canal Co. v. Hathaway, 8 Wend., 483; Bigelow on Estoppel, pp. 345, 437.)

2. Equitable estoppels are not odious or to be construed strictly, but are entitled to a fair and liberal application like other equitable doctrines, which are admitted to suppress fraud and promote honesty and fair dealing. (Ashpetel v. Bryan, 3 Best & Smith, 472; Cowan, Judge, in Dezell v. Odell, 3 Hill, 220; Corn v. Motz, 10 Barr., 530; Buckingham v. Hanna, 2 Ohio St., 557; Van Rensslaer v. Kearney, 11 Howard, 326; Preston v. Mann, 25 Conn., 118; Horn v. Cole, 51 N. H., 287.)

3. The doctrine of equitable estoppel is not limited to cases where there was an actual intention to deceive. (Hobbs v. Norton, 1 Vernon, 136; Hunsden v. Cheyney, 2 Verm., 150; Teasdale v. Teasdale, 13 Viner, 539; Burrowes v. Lock, 10 Ves., 470; Freeman v. Cooke, 2 Ex., 654.)

4. Wandling assumed to furnish Cottrell the exact amount of insurance that existed, and his assertion of actual knowledge of the facts, made as agent for the respective companies, brings this case fully within the principles governing equitable estoppels.

5. The fact that Cottrell was induced by Wandling's statements to merely remain passive, does not prevent the estoppel from arising. (Baker v. Briggs, 8 Pick., 121.; Harris v. Brooks, 21 Pick., 195; Cochico National Bank v. Haskell, 51 N. H., 116; Rudd v. Matthews, 79 Ky., 479.)

6. Where the insurer has previously insured the same property, there being no change in the risk notified to the insurer, a mere order for insurance, and an agreement to insure without any of the terms being spoken of or discussed, is good as a contract to insure the same property, for the same sum, for the same time, and at the same rate. (Wood on Insurance, sections 26 and 27; Andubon. v. Excelsior Insurance Co., 27 N. Y., 216.)

7. Where the contract is complete except as to the premium, the premium

will be presumed to be at the customary rates. (Walker v. Metropolitan Insurance Company, 56 Maine, 371; Ellis v. The Albany City Fire Ins. Co., 50 N. Y., 402.)

8. A parol contract for insurance is valid and enforceable. (Security Ins. Co. v. Kentucky Marine Ins. Co., 7 Bush, 81; Franklin Fire Ins. Co. v. Colt, 20 Wall., 560; Relief Fire Ins. Co. v. Shaw, 94 U. S., 574; Wood on Insurance, sections 10 and 86.)

9. An insurance company is responsible for the acts and declarations of its agent, within the scope of his employment, as if they proceeded from the principal. (Wood on Insurance, sections 383 to 410; Insurance Co. v. Wilkinson, 13 Wall., 235; Miller v. Phoenix Ins. Co., 27 Iowa, 203; Baptist Society v. Brooklyn Fire Ins. Co., 18 Barb., 69; Mobile Marine Dock, &c., Ins. Co., 31 Ala., 711; Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y., 305.) ·

10. The insurer is bound not only for the acts of his agent, but for the acts of the agent's clerks, or other persons to whom the agent may delegate his authority. (Bodine v. The Exchange Insurance Co., 51 New York, 566.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

W. S. Johnson & Co. were engaged in buying and handling tobacco in their stemmery in the city of Owensboro, Ky. On the 26th day of August, 1880, this stemmery, together with a large quantity of tobacco, was destroyed by fire. They brought suit in the Daviess Circuit Court against the Lancashire, Phoenix, Springfield, Franklin, Insurance Company of North America, Lorillard, Liverpool and London and Globe, and Imperial and Northern Insurance Companies, claiming that they, at the time of said fire, held actual insurance, and a parol contract for insurance, in said companies, for sixteen thousand four hundred dollars on said tobacco; that said insurance was for the benefit of Sherley & Glover, who had advanced them the money with which they purchased said tobacco, except the insurance in the Franklin Insurance Company for one thousand dollars, which was for the

benefit of farmers who had tobacco in said stemmery, and the insurance in the Insurance Company of North America, which was for the benefit of the Deposit Bank of Owensboro.

The Franklin Insurance Company and the Insurance Company of North America ended the litigation, as far as they were concerned, by paying the sums claimed against them.

The lower court rendered judgment dismissing the petition of W. S. Johnson & Co. as against the Connecticut, the Lorillard, the Liverpool and London and Globe, and the Imperial and Northern Insurance Companies.

W. S. Johnson & Co. have appealed from said judgment. The lower court rendered judgment against the Lancashire, the Phoenix, and the Springfield Insurance Companies for two thousand dollars each, with interest from December the 1st, 1880. From said judgment they have appealed. The appeal of W. S. Johnson & Co. v. The Connecticut Insurance Company, &c., will be disposed of first.

The appellants, W. S. Johnson & Co., prior to the 24th of August, 1880, had been in the habit of insuring their tobacco in the Connecticut, the Lorillard, the Liverpool and London and Globe, the Imperial and Northern, the Springfield, the Lancashire and Phoenix Insurance Companies. The insurance in each was, usually, two thousand dollars. Owing to the fact that said tobacco was to be shipped to market as fast as it could be prepared, the insurance was taken out for short periods of time, and renewed from time to time as occasion required. John Wandling was the local

agent at Owensboro for all these companies, and with whom appellants contracted for said insurance. Mr. Cottrell, one of the members of appellants' firm, swears that, on the 24th of August, 1880, his attention was called to the fact by John Wandling, that the insurance on his tobacco was running low by reason of some of the policies having expired, and suggested that they be renewed. That he then informed Wandling that he desired as much as twelve thousand dollars insurance on his tobacco ; and if the insurance remaining on it did not amount to that much, he desired the difference made up by renewals or new policies. That he did not know how much insurance there then was on the tobacco, or how much had expired, which he informed Wandling, and told him that whatever amount the actual insurance on the tobacco fell short of twelve thousand dollars, he desired renewals or new policies issued sufficient to make the whole amount of insurance as much as twelve thousand dollars. That Wandling also, professing not to know how much insurance there then was on the tobacco, looked at his book to ascertain the amount, and reported the policies on the tobacco in the Imperial and Northern, the Connecticut, the Lorillard, and the Liverpool and London and Globe Insurance Companies, for two thousand dollars each, as alive and in force. That he, Cottrell, knowing nothing to the contrary, and relying upon said statement as true, agreed with Wandling that he should give him additional insurance for four thousand dollars on the tobacco, both believing from the investigation made by Wandling that said sum would make twelve thousand dollars, in all, insurance on the to-

bacco. That Wandling did, within a day or two thereafter, deliver to appellants policies in the Lancashire and Phoexix Insurance Companies for two thousand dollars each. Cottrell also swears that it was the agreement between appellants and Wandling that Wandling was to select the companies in which appellants insured for them. On the other hand, John Wandling swears that on the 24th of August, 1880, Cottrell came to his office and wished to know how much insurance he had on his tobacco; that he took him to his book, and read over to him the name of each company in which he had insurance, and the amount of each policy as it appeared in the book, giving the expiration of each; that Cottrell was looking with him in the book; that it appeared, from said reading, that the policies in the four insurance companies above named, for two thousand dollars each, were alive and in force; and the policy in the Lancashire for two thousand dollars had expired on the 21st of August, 1880; and the policy in the Phoenix expired that day, the 24th of August, 1880; that Cottrell then said renew the policies in the Lancashire and Phoenix for two thousand dollars each, which he, Wandling, agreed to do, and they were issued that day and delivered the next day. Wandling also says that there was nothing said about twelve thousand dollars insurance, or enough insurance to make twelve thousand dollars. J. C. Wandling swears that he was present while said book was being examined. As to what occurred during that time, and immediately after, he corroborates John Wandling. It turned out on investigation, a day or two after the fire, that it was a mistake about the pol-

icies in said four companies being alive and in force on the 24th of August; that all of them had expired before then, which left the policy for two thousand dollars in the Springfield Insurance Company, which was alive and in force on the 24th of August, 1880, and the two renewed policies in the Lancashire and Phoenix, for two thousand dollars each, as all of the insurance, evidenced by written policies, that appellants had on said tobacco at the time of the fire.

The appellants' contention amounts to this: That as they and Wandling believed that the policies in the said four companies, for two thousand dollars each, were alive and in force ; and as it was understood by Wandling that they desired as much as twelve thousand dollars insurance on said tobacco, to which he was agreed, which sum they, as well as Wandling, believed, by taking the additional policies in the Lancashire and Phoenix for two thousand dollars each, they would obtain ; and as Wandling made the mistake about there being policies alive and in force in said four companies for two thousand dollars each, whereby they only obtained, together with the policy already in force in the Springfield Insurance Company for two thousand dollars, policies for six thousand dollars on said tobacco, the said companies, appellees, are liable to them as on a verbal contract of insurance for the remaining six thousand dollars, or are estopped to deny their liability for that sum.

Presuming that Cottrell and John and J. C. Wandling were equally veracious in testifying as to their recollection of the transaction of the 24th of August, 1880, we are, nevertheless, constrained to believe, judg-

ing by the rules of weighing evidence, that the transaction was substantially as the two latter recollect it. Be that, however, as it may, the evidence of Cottrell himself fails to establish a cause of action against the appellees. It is certain that the parties, on the 24th of August, 1880, made no contract of insurance—that is, an executed contract, evidenced by written policies in said companies—for twelve thousand dollars on said tobacco.

Also, we think that the parties made no contract to insure in said companies—that is, an executory contract—for twelve thousand dollars on said tobacco. The latter-kind of contract, usually existing in parol, must be established by the same class of proof required to establish any other contract. It must be shown that a complete contract was made ; that an agreement to insure was, in fact, entered into, and that nothing essential to a complete agreement was left open for future determination. The burden is on the party attempting to establish such a contract to establish it by a preponderance of evidence.

Here, on the 24th of August, there was no contract made to insure with appellees' companies. The contract was with the Lancashire and Phoenix alone, for two thousand dollars each in their companies. The appellants and appellees, it is true, thought that appellants had a live and enforceable contract of insurance in appellees' companies for eight thousand dollars, which turned out to be a mistake. Whether appellants and appellees' agent were both responsible for the mistake, or the agent alone, the fact, nevertheless, exists that no contract was made to renew the policies in appellees' companies.

Upon what principle, then, can appellants hold appellees responsible? Is it upon the principle that, because appellants and appellees thought·that appellants had a live contract of insurance in appellee's companies, about which they were mistaken, and for that reason, probably, did not make a contract, therefore, the court should make a new contract for them? This the court can not do. Had a contract been actually made to insure appellants in appellees' companies for eight thousand dollars, which, by mistake, was not done in accordance with the agreement, then the court could correct the mistake and enforce the contract according to its terms ; but the mistake consisted in not making a contract. We, therefore, have no power to make one at the instance of appellants over the objection of appellees.

As to the question of estoppel, the appellees, by their agent, Wandling, made to the appellants no promise to renew said policies, nor induced them to believe that they would renew the risk in their companies, nor was appellees' agent alone responsible for the mistake in supposing that appellants' policies were still alive in their company. Cottrell also examined the books with Wandling; besides, he had a good opportunity to know, from other sources, when said policies would expire. The mistake was mutual, and as much the fault of Cottrell as Wandling ; therefore, the rule of estoppel does not apply.

As to the appeal by the Lancashire Insurance Co., etc., v. W. S. Johnson, etc. : The evidence as to the quantity and value of the tobacco consumed by the fire, while somewhat unsatisfactory in some particu-

lars, clearly preponderates in favor of the fact that said tobacco was worth largely more than the aggregate amount adjudged against the appellants by the lower court.

It appears from the record before us that the appellant, the Springfield Insurance Co., filed a separate answer to appellees' petition, in which it was distinctly alleged that appellees, in their sworn preliminary statement of loss by the fire, made willfully untrue and fraudulent statements of the quantity and value of the tobacco destroyed by the fire, which, by the terms of the policy, rendered it void. Appellants failed to reply to this answer. Under the Civil Code, the answer must, therefore, be treated as true. The case, therefore, as to the appellee, the Springfield Insurance Co., must be reversed. But as the proof was taken and heard as to the quantity and value of the said tobacco, which tended to show that if appellants made any misstatements of fact in their preliminary oath and proof of loss, they were innocently made, the lower court, therefore, will, upon the return of the cause, allow the appellants a reasonable time in which to file a reply to said answer if they desire to do so, and then hear the case as to said appellee upon its merits. If they do not file said reply within a reasonable time, then the action as to said appellee must be dismissed.

The judgment of the lower court dismissing the petition of appellants, W. S. Johnson, & Co., v. the appellees, The Connecticut Insurance Co., etc., is affirmed. The judgment against the appellants, the Lancashire and Phœnix Insurance Companies, is

affirmed. The judgment against the Springfield Insurance Co. is reversed, and the cause remanded as to it for further proceedings consistent with this opinion.